# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 16-834V
Filed: March 7, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| P.S., | * | |
| | * | To Be Published |
| Petitioner, | * | |
| v. | * | Attorneys' Fees and Costs; Relief from |
| | * | Judgment; Vaccine Rule 36; RCFC 60(b); |
| SECRETARY OF HEALTH | * | Check Payable Directly to Counsel; |
| AND HUMAN SERVICES, | * | Vaccine Act Section 15(e). |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Richard Moeller, Esq.*, Moore, Heffernan, et al., Sioux City, IA, for petitioner.
*Voris Johnson, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION GRANTING RELIEF FROM JUDGMENT[1]

**Roth,** Special Master:

On July 14, 2016, P.S. ("petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program,[2] alleging that he developed undifferentiated connective tissue disease ("UCTD"), autoimmune or atrophic gastritis, and other injuries which were either caused or significantly aggravated by hepatitis B vaccinations he received on August 14, 2013, December 17, 2013, and May 16, 2014. *See* Petition ("Pet."), ECF No. 1. A Ruling on the Record and Decision Dismissing the Petition was issued on May 15, 2020. Dismissal Decision, ECF No. 69. The undersigned found that petitioner failed to carry his burden of showing that the hepatitis B vaccines he received caused and/or significantly aggravated his UCTD, autoimmune or atrophic gastritis, or any other injuries. *Id*. Shortly, thereafter, a Motion to redact petitioner's name was filed and granted, and the decision was reissued using petitioner's initials. ECF Nos. 71, 74.

---

[1] This Ruling has been formally designated "to be published," which means it will be posted on the Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Ruling will be available to anyone with access to the internet.** However, the parties may object to the Ruling's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Ruling will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On September 1, 2020, petitioner filed a Motion for Attorneys' Fees and Costs. ECF No. 76. Respondent opposed petitioner's Motion, arguing that petitioner lacked a reasonable basis in the filing of the petition, never established reasonable basis, and was therefore not entitled to reimbursement for fees and costs.[3] ECF No. 78. A Decision on Attorneys' Fees and Costs issued on October 6, 2022, finding that reasonable basis existed during the pendency of the matter and awarding attorneys' fees and costs. Decision on Attorneys' Fees & Costs, ECF No. 81. The parties filed a joint notice not to seek review on October 12, 2022, and judgment entered accordingly, requiring that attorneys' fees and costs be paid "in the form of a check jointly payable to petitioner and petitioner's counsel of record, Mr. Richard Moeller . . . to be distributed pursuant to the findings contained in the decision as to Mr. Krakow and petitioner, respectively." ECF Nos. 82, 83.

On November 29, 2022, Mr. Moeller contacted Chambers via email to advise that in one place within the attorneys' fees and costs decision, petitioner's full name rather than his initials was inadvertently used. The decision was immediately removed, corrected, and refiled.

On December 6, 2022, petitioner's counsel, Mr. Moeller, filed a Motion for Relief from and/or Enforcement of Judgment, advising that petitioner refused to endorse the attorneys' fees and cost check because Mr. Moeller did not immediately catch the Court's mistaken use of petitioner's name in the decision, which was "unacceptable." ECF No. 85. Mr. Moeller requested that the Court "enter an order, decision, and/or judgment that will allow him to enforce the judgment and/or provide him with relief from judgment to carry out the distribution of fees and costs required by the decision." *Id*. Further, Mr. Moeller represents that P.S. "requested that any fees and costs payable to [Mr. Moeller] not require his endorsement." *Id*. at 2. Mr. Moeller also filed a concurrent Motion to Withdraw as Counsel. ECF No. 86.

A status conference was held on the same date, and it was ordered that each counsel submit a memorandum of law on their respective positions. ECF No. 87. Mr. Moeller filed his memorandum on December 9, 2022, and respondent filed his on January 9, 2023. ECF Nos. 88, 89.

## I.     Arguments of Petitioner's Counsel and Respondent

**A. Mr. Moeller's Memorandum**

Petitioner's counsel relied on both the plain language of the Vaccine Act and case law to support his position that a special master has the authority to grant the relief under Vaccine Rule 36 and the Rules of the Court of Federal Claims ("RCFC") 60(b) and order that the check for payment of fees and costs be made solely to petitioner's counsel. Petitioner's Counsel's Memorandum ("Pet. Memo") at 1.[4]

---

[3] The Decision on Attorneys' Fees and Costs was held until the issuance of decisions from the Federal Circuit regarding the reasonable basis standard in *Cottingham ex. rel. K.C. v. Sec'y of Health and Human Servs.*, 971 F.3d 1337 (Fed. Cir. 2020) and *James-Cornelius v. Sec'y of Health and Human Servs*., 984 F.3d 1374 (Fed. Cir. 2021).

[4] Petitioner's counsel notes that in the Motion for Attorneys' fees and Costs filed on September 1, 2020, he requested that payment be made to petitioner's counsel, but concedes that the request could have been made more clearly. Pet. Memo at 1; Motion for Fees at 17-18, ECF No. 76.

2

Petitioner's counsel argues that respondent is only "half right" that all awards of attorneys' fees are part of the compensation awarded to petitioner under § 300aa-11[5] and any judgment for payment must include petitioner as a payee on the check. Pet. Memo at 2-3.

Petitioner's counsel submits that in any case, an award of attorney's fees begins with § 300aa-15 of the Vaccine Act. He provides the relevant portions of § 300aa15(a) and (e) as follows:

(a) General rule

Compensation awarded under the Program to a petitioner under section 300aa-11 of this title for a vaccine-related injury or death associated with the administration of a vaccine after October 1, 1988, shall include the following:

[omitted]

\*\*\*

(e) Attorneys' fees

> (1) In awarding compensation on a petition filed under section 300aa-11 of this title the special master or court shall also award as part of such compensation an amount to cover—
>
> (A) reasonable attorneys' fees, and
>
> (B) other costs,
>
> incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought.

Pet. Memo at 2; § 300aa15(a) and (e).

Petitioner's counsel argues that while § 15(a) provides for compensation and attorneys' fees and costs to be awarded to the petitioner when petitioner has sustained a vaccine-related injury under § 300aa-11, § 15(e) contains two separate clauses. Pet. Memo at 2-3. The first clause of § 15(e) provides for attorneys' fees and costs to be awarded as part of the compensation when entitlement is found in favor of the petitioner. However, the second clause of § 15(e) applies when entitlement is not found, and no compensation is awarded. In that event, the special master is required to determine if the petition was brought in good faith and with a reasonable basis. *Id*. This second clause does not contain language that makes an award of attorneys' fees and costs part of

---

[5] § 300aa-11 provides the requirements for petitioners for compensation under the Vaccine Act.

petitioner's compensation and does not direct that attorneys' fees and costs be paid "to the petitioner" when awarded. *Id*. at 3

In support of his interpretation of § 15(e), petitioner's counsel relies on *Goodridge v. Sec'y of Health & Human Servs.*, No. 02-320V, 2014 WL 3973905 (Fed. Cl. May 20, 2014). In *Goodridge*, Special Master Hastings ordered that a check be made payable directly to counsel, concluding that in pre-Act cases, attorneys' fees and costs were included as part of compensation under § 300aa11 to petitioner, but the same language does not appear in § 15(e), which applies to post-Act cases. Pet. Memo at 4. Special Master Hastings explained that the policy considerations underlying the scheme for awarding of attorneys' fees and costs was to give petitioners the ability to obtain qualified assistance from counsel, citing to the Supreme Court's decision in *Sebelius v. Cloer*. *Id.* However, Special Master Hastings also recognized the potential that an attorney would be unable to receive compensation for work performed if an unsuccessful petitioner could not be located or was uncooperative, which "would contradict the stated intentions of the drafters of the Vaccine Act." *Id*. at 4-5. Similar conclusions were deemed appropriate for statutory and policy reasons, with payment ordered to be issued solely to the attorney in other cases where compensation was not awarded. *See Turner v. Sec'y of Health & Human Servs.*, No. 02-1437V, 2014 WL 1493119 (Fed. Cl. Spec. Mstr. Mar. 26, 2014); *Tutza v. Sec'y of Health & Human Servs.,* No. 04-0223V, 2012 WL 2362594 (Fed. Cl. Spec. Mstr. Apr. 20, 2012); and *Gitesatani v. Sec'y of Health & Human Servs.*, No. 09-799V, 2011 WL 5025006 (Fed. Cl. Spec. Mstr. Sept. 30, 2011). Pet. Memo at 6.

Petitioner's counsel further relied on now-Chief Special Master Corcoran's decision in *Watson v. Sec'y of Health & Human Servs.*, No. 10-882V, 2016 WL 4491492 (Fed. Cl. Spec. Mstr. July 25, 2016). In *Watson*, the Chief Special Master found that extraordinary circumstances existed for revising the judgment even though petitioner was entitled to compensation making the first clause of § 300aa15(e) applicable. However, petitioner's counsel did not request that payment be made to him alone in his original filing, and the Chief Special Master "implied that ruling in favor of the attorney's motion would have been an easier decision if his original motion would have requested the payment be made just to him." Pet. Memo at 5-6; *Watson*, No. 10-882V, 2016 WL 4491492 at *3. Here, Mr. Moeller highlighted that he did request the fees check be made payable to counsel in his original Motion, though he admittedly could have made the request more clearly. *See* Motion for Fees at 17-18, ECF No. 76; Pet. Memo at 1.

Further, petitioner's counsel distinguished the instant matter from *Ortiz-Mutilitis*, in which Special Master Vowell denied petitioner's counsel's Rule 60(b) Motion despite counsel's inability to communicate with or locate the petitioner. Special Master Vowell concluded that under the facts of that case, counsel failed to demonstrate "extraordinary circumstances" and though "distasteful," had the option of suing his client in state court. Pet. Memo at 6; *Ortiz-Mutilitis v. Sec'y of Health & Human Servs.*, No. 03-0059V, 2012 WL 3902472 at *4 (Fed. Cl. Spec. Mstr. Aug. 14, 2012).

Petitioner concluded that "avoiding a lawsuit against a client, especially when far less extreme options are available, is an exceptional circumstance, not merely distasteful." Pet. Memo at 7.

### B. Respondent's Memorandum

Respondent questions whether petitioner's counsel has standing to bring the present motion, submitting that it is "unclear from the Motion whether petitioner himself consents to the relief Mr. Moeller seeks."[6] Respondent's Memorandum ("Resp. Memo") at 1.

Respondent submits that "'[a] motion for relief from judgment [pursuant to Rule 60(b)] is one for extraordinary relief entrusted to the discretion of the court'", and that "only extraordinary circumstances justif[y] the reopening of a final judgment". Resp. Memo at 2 (quoting *Matos v. HHS*, 30 Fed. Cl. 223, 225 (1993), and *Christeson v. Roper*, 574 U.S. 373, 380 (2015)). He further argues that such relief should be used "sparingly", when the "substantial rights of the party would be harmed." *Id*. (quoting *Kenzora v. HHS*, 126 Fed. Cl. 588, 596 (2016)).

Respondent argues that Mr. Moeller "has not offered the kind of exceptional circumstances that are sufficient for the Court to grant the relief he seeks." Resp. Memo at 3. Specifically, the Guidelines for Practice Under the National Vaccine Injury Compensation Program state that counsel should be aware that checks for attorneys' fees and costs will be made payable jointly to petitioner and petitioner's counsel. *Id*.; Guidelines, Section X, Chapter 7. Mr. Moeller "has represented numerous Vaccine Program petitioners, was almost certainly aware of this fact", and could have obtained a power of attorney when he agreed to represent petitioner, which would have negated the requirement that petitioner endorse the check. Resp. Memo at 3. Mr. Moeller's failure to take this action does not rise to an extraordinary circumstance. *Id*.

Further, Mr. Moeller has not argued that he will be unable to receive compensation for attorneys' fees and costs if his motion for relief is denied, because like *Ortiz-Mutilitis*, there are legal means available independent of the instant Motion through which Mr. Moeller could enforce the judgment. Resp. Memo at 4; *Ortiz-Mutilitis*, No. 03-0059V, 2012 WL 3902472.

According to respondent, Mr. Moeller's desire to avoid pursuing legal action against petitioner in another forum is not a sufficient extraordinary circumstance to justify this Court granting relief from judgment. Resp. Memo at 4. Additionally, it is not the role of this Court to resolve a contract dispute between petitioner and counsel; petitioner, as a party to his case, has a clear interest in the attorneys' fee paid and has "implicitly expressed his opposition to Mr. Moeller being paid for his work on this case." *Id*. Therefore, it would be inappropriate for the Court to "insert itself" into this dispute and resolve it against petitioner without giving him an opportunity to state his case. Resp. Memo at 4. Overall, the Vaccine Program was not designed to resolve such disputes, it is an inappropriate forum in which to resolve this dispute, and the Court should accordingly deny petitioner's motion. *Id*.

### II.     Analysis

Under Vaccine Rule 36, Appendix B, RCFC, a petitioner in the Vaccine Program may seek relief from judgment pursuant to RCFC 60. Rule 60(b) provides five specific grounds that justify

---

[6] In petitioner's Motion for Relief From and/or Enforcement of Judgment, Mr. Moeller represented that P.S. "has requested that any fees and costs payable to [Mr. Moeller] do not require his endorsement." ECF No. 85 at 2. Therefore, this argument is moot.

relief from judgment, and a catch-all provision that allows a party to obtain relief based upon "any other reason that justifies relief." RCFC 60(b)(6). However, controlling case law requires petitioners moving under RCFC 60(b) to establish "extraordinary circumstances."[7] *Ortiz-Mutilitis,* No. 03-0059V, 2012 WL 3902472, at \*2 (citing *Ackerman v. United States*, 340 U.S. 193, 198 (1950)).

The parties disagree about what constitutes a sufficient basis for relief from the underlying judgment when an attorney is unable to obtain a petitioner's signature on a fees award check. However, the case law is instructive. In *Watson*, a case in which compensation was awarded, the Chief Special Master found that extraordinary circumstances for revising the judgment existed where counsel was unable to contact or locate the petitioner to endorse the fees check despite phone calls and visits to petitioner's home and because counsel promptly notified the Court of his difficulties. *Watson*, No. 10-882V, 2016 WL 4491492. The Chief Special Master distinguished the facts in *Watson* from those in *Ortiz-Mutilitis*, in which Special Master Vowell denied petitioner's Motion for Relief from Judgment where the petitioner was uncooperative in endorsing the fees check because petitioner's counsel could remedy the dispute with his client in a state court action. Additionally, counsel failed to move for relief until nearly a year after entry of judgment. *Ortiz-Mutilitis,* No. 03-0059V, 2012 WL 3902472. Focusing on the timing of the request for relief, the Chief Special Master concluded in *Watson* that the holding in *Ortiz-Mutilitis* would be "more appropriately followed where the request for relief from the judgment is made so long after the fees check has issued that it is evident counsel has been dilatory in making the request." This is in keeping with Rule 60(b)(6), which requires a motion seeking relief from judgment to be made within a reasonable time of the original judgment. *Id*. at \*2-\*3.

Further, in *Watson,* the Chief Special Master noted that requesting that the fees check be made payable directly to counsel before issuance of the fee decision is a potential remedy to avoid a situation like the instant one. *Watson*, No. 10-882V, 2016 WL 4491492 at \*3; *see also Goodridge*, No. 02-320V, 2014 WL 3973905 at \*5 (where counsel requested direct payment in the Motion for Attorneys' Fees and Costs because petitioner could not be found). Despite her decision in *Ortiz-Mutilitis*, Special Master Vowell pointed out that in narrow circumstances, "a special master may award attorney fees and costs directly to counsel, who is the real party in interest in all fees application." *Ortiz-Mutilitis,* No. 03-0059V, 2012 WL 3902472, at n.9 (citing *Tutza*, No. 04-0223V, 2012 WL 2362594). This is particularly relevant in the instant matter, as the Decision on Attorneys' Fees and Costs not only includes payment to Mr. Moeller, but also includes payment to former counsel, Mr. Krakow, who has waited years to be paid.

I agree with the Chief Special Master's assessment in *Watson*. Here, although petitioner's counsel is or was able to communicate with petitioner, petitioner has been uncooperative, disgruntled over the outcome of his case, and refuses to endorse the check for attorneys' fees and costs. The petitioner's name, which was redacted from the Dismissal Decision, was inadvertently

---

[7] The Court of Federal Claims has granted relief under RCFC 60(b)(6) only where, without such relief, substantial rights of a party would be violated. See *Freeman v. Sec'y of Health & Human Servs*., 35 Fed. Cl. 280, 281 (1996) (finding the alleged circumstances "warrant the reopening of the case in the interest of justice"); *Coleman v. Sec'y of Health & Human Servs.*, No. 06-0710, 2011 WL 6828475, \*4 (Fed. Cl. Spec. Mstr. Dec. 07, 2011) (finding relief from judgment proper under Rule 60(b)(6) to prevent "harm to substantial rights of petitioner that would result if the requested relief were not granted.").

included once in the Decision on Attorneys' Fees and Costs. Mr. Moeller immediately notified the Court of the error, and the Decision was promptly withdrawn, corrected, and refiled. *See* ECF No. 81, 84. Petitioner, however, has used this error as an excuse to refuse to endorse the fees check, forcing Mr. Moeller to immediately file a Motion for Relief from Judgment. ECF No. 85. Counsel's Motion for Relief from Judgment further advises that the petitioner has "requested that any fees and costs payable to the undersigned not require his endorsement." ECF No. 85 at 2. Further, in his memorandum, Mr. Moeller pointed out that in his Motion for Attorneys' Fees and Costs, a request that payment of attorneys' fees and costs be made solely to him was made, though not made as clearly as it could have been. *See* Motion for Fees at 17-18, ECF No. 76; Pet. Memo at 1.

Although this situation rarely occurs, it is a hardship for counsel when it does. Here, petitioner was represented by two seasoned attorneys who spent many hours and significant funds diligently pursuing this matter on petitioner's behalf but were ultimately unsuccessful in proving his case. When Mr. Moeller became aware of the mistaken use of petitioner's proper name in one place in the Decision on Attorneys' Fees and Costs, he promptly notified the Court so it could be rectified. A disgruntled client, like an absent one, should not be allowed to control counsels' ability to be paid or hold hostage the money that counsel worked for. The Program seeks to encourage competent attorneys to assist Vaccine Program petitioners, whether successful or not. Mr. Moeller and Mr. Krakow, two experienced attorneys who are well-known to the Program, did just that. In the interests of justice, payment of the award of attorneys' fees and cost should therefore be made directly to Mr. Moeller for distribution as directed in the Decision on Attorneys' Fees and Costs.

I therefore find that petitioner's counsel has demonstrated extraordinary circumstances sufficient for revising the judgment under Rule 60(b)(6).

### III.   Conclusion

Based on the foregoing, the original check for attorneys' fees and costs is void and the Clerk of Court is hereby instructed to vacate the earlier issued judgment. Petitioner's counsel is awarded attorneys' fees and costs in the amount of **$67,559.62** in the form of a check **payable solely to petitioner's counsel, Richard Moeller, Esq.,** of Moore, Corbett, Heffernan, Moeller & Meis, LLP to be distributed in accordance with the findings contained in the Decision for Attorneys' Fees and Costs.[8]

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of Court shall enter judgment in accordance with these terms.

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[8] The Decision on Attorneys' Fees and Costs was filed on October 6, 2022. ECF No. 81.